# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| DWAYNE THORPE, *Plaintiff* | : : : | CIVIL ACTION |
| v. | : : | |
| CITY OF PHILADELPHIA, *et al.*, *Defendants* | : : : | No. 19-5094 |

## MEMORANDUM

PRATTER, J.                                                                                                            JUNE 21, 2021

Dwayne Thorpe was incarcerated for nearly eleven years for a murder that he did not commit. He alleges that various Philadelphia police officers and the City were either directly involved in investigatory misconduct that led to his wrongful conviction or participated in a pattern or practice that approved of this misconduct. The parties are now proceeding with discovery. Before the Court are two motions to quash third-party subpoenas that Defendants issued to two incarcerated individuals. For the reasons that follow, the Court denies the motions to quash without prejudice.

## BACKGROUND

Because the Court writes primarily for the benefit of the parties, this Memorandum includes only those facts necessary to decide these motions.[1] Although this case has been pending for almost two years, due primarily to circumstances outside of this Court's control, the parties have only recently begun to notice depositions. In April 2021, Defendants filed several motions pursuant to Federal Rule of Civil Procedure 30(a)(2)(B) to depose individuals who are currently

---

[1] The Court previously provided a lengthy recitation of the facts and procedural history in its Memorandum granting in part Defendants' motion to dismiss. *Thorpe v. City of Phila.*, No. CV 19-5094, 2020 WL 5217396 (E.D. Pa. Sept. 1, 2020).

1

incarcerated. Among those individuals named are Keith Devine and Kyle Reed. The Court granted the Defendants' motions.

Shortly thereafter, Mr. Devine and Mr. Reed each moved to quash the subpoena issued to them.[2] *First*, because they are both incarcerated and currently collaterally challenging their respective convictions, they say that they intend to invoke their Fifth Amendment rights at a deposition. That is because the subpoenaed parties anticipate that Defendants only seek testimony that would establish their own guilt in their respective criminal proceedings. *Second*, they move on the grounds that they do not have any relevant testimony that would bear on Mr. Thorpe's case. They argue that they did not interact with any of Defendants and that they did not give statements to the police.

The Court first held a telephone conference with the parties on May 7, 2021 to discuss the motions. Following that conference, Mr. Devine and Mr. Reed filed a joint memorandum of law. Defendants filed a response in opposition and a supplemental response both addressing the impact of the Fifth Amendment and the relevance of the sought-after testimony. The Court held oral argument on both motions to quash on June 16, 2021.

## LEGAL STANDARD

Rule 26 provides for liberal and broad discovery into "any nonprivileged matter that is relevant to any party's claim or defense." Fed. R. Civ. P. 26(b)(1). A subpoena issued to a third party pursuant to Rule 45 must fall within the scope of discovery contemplated by Rule 26(b)(1). If a party objects to the issuance of a subpoena, that party may move to quash or modify. "The

---

[2] Attorney Todd Mosser is currently representing both Mr. Devine and Mr. Reed in their state collateral challenges to their convictions (PCRA hearings), in addition to other individuals who are also challenging their convictions based on Detective Pitts's involvement in their cases. Mr. Mosser is also counsel of record for Mr. Thorpe in this case.

2

serve-and-volley of the federal discovery rules govern the resolution of a motion to quash." *In re Domestic Drywall Antitrust Litig.*, 300 F.R.D. 234, 239 (E.D. Pa. 2014).

After the subpoenaing party demonstrates that its requests fall within the general scope of discovery under Rule 26, the burden shifts to the moving party to demonstrate that a basis to quash exists under Rule 45(d)(3). *Jones v. NorthEast Treatment Centers, Inc.*, No. CV 20-2477, 2020 WL 6203575, at *2 (E.D. Pa. Oct. 22, 2020). The party seeking to quash a subpoena has a "heavy" burden of establishing that the subpoena is improper. *Green v. Cosby*, 314 F.R.D. 164, 170 (E.D. Pa. 2016). By the same token, among other things, a court must quash or modify a subpoena that "requires disclosure of privileged or other protected matter, if no exception or waiver applies." Fed. R. Civ. P. 45(d)(3)(A)(iii).

## DISCUSSION

Before reaching the current dispute, it is necessary to first situate Mr. Devine and Mr. Reed within in the universe of this case. Critical to Mr. Thorpe's claims is the allegation that one of the defendants, Detective Pitts, engaged in "habitually coercive conduct towards witnesses in custodial interrogations." Doc. No. 33 (Am. Compl.) ¶ 23. He contends that systemic failures in supervision and discipline within the Philadelphia Police Department enabled Detective Pitts's alleged years-long pattern of investigative misconduct. As such, Mr. Thorpe not only brings claims against the individual detectives and police officers involved in his case, but he also seeks to hold the City of Philadelphia liable under the *Monell* doctrine. *Monell v. New York City Dept. of Social Services*, 436 U.S. 658 (1978).

To establish the alleged pattern of investigative misconduct, Mr. Thorpe identified a series of cases in which Detective Pitts was involved. Am. Compl. ¶ 25. Witnesses in those criminal trials, including those involved in Mr. Devine's and Mr. Reed's homicide cases, have since alleged

3

that Detective Pitts used coercive investigatory tactics to extract untruthful testimony. In his initial disclosures, Mr. Thorpe identified witnesses who testified at his post-conviction proceedings regarding their interactions with Detective Pitts. Doc. No. 92-1 (Plaintiff's Initial Disclosures) at 16, 17. Relevant to resolving this motion, Mr. Thorpe identified Jaeneya Thomas and Raffinee Taylor as witnesses who are likely to have discoverable information. Neither Ms. Thomas nor Ms. Taylor interacted with Detective Pitts in Mr. Thorpe's case—they provided statements to the police in separate investigations of different crimes. Ms. Thomas provided two statements to the police in connection with the homicide investigation of Mr. Devine and testified at his preliminary hearing. Ms. Taylor gave three statements to the police in connection with the homicide investigation into Mr. Reed.

To be clear, unlike Ms. Thomas and Ms. Taylor, neither Mr. Devine nor Mr. Reed were listed in Mr. Thorpe's initial disclosures. At oral argument, counsel for Mr. Thorpe unequivocally represented on the record that he does not intend to call either Mr. Devine or Mr. Reed as witnesses in Mr. Thorpe's case. However, he could not and did not unequivocally state at this time that he would not plan to offer anything about either of Mr. Devine's or Mr. Reed's cases, including Ms. Taylor's and Ms. Thomas's interactions with Detective Pitts.

Defendants contend that Mr. Thorpe has placed Ms. Taylor's and Ms. Thomas's credibility at issue. Accordingly, because either Mr. Reed or Mr. Devine may have information that bears on the credibility of these witnesses, Defendants argue that their testimony on this credibility issue is likewise relevant and thus discoverable.

I. **Fifth Amendment**

The Court pauses briefly to discuss two issues with Mr. Reed's and Mr. Devine's Fifth Amendment arguments. Both move to quash their subpoenas on the grounds that they have a right

against self-incrimination under the Fifth Amendment. Having exhausted their challenges on direct appeal, both are currently challenging their convictions under Pennsylvania's Post Conviction Relief Act, 42 Pa. Cons. Stat. §§ 9541 *et seq.* ("PCRA"). Those collateral challenges are ongoing.

The Court sets aside for the time being the threshold question of whether the Fifth Amendment right continues during a post-conviction proceeding after an individual has exhausted his direct appeals. Neither party could answer this question at oral argument. As a general rule, "where there can be no further incrimination, there is no basis for the assertion of the privilege." *Mitchell v. United States*, 526 U.S. 314, 326 (1999). The Supreme Court has applied this principle to "cases in which the sentence has been fixed and the judgment of conviction has become final." *Id.*

Assuming, however, for purposes of this motion, that the right against self-incrimination persists during the pendency of their post-conviction proceedings, the—albeit real—chance that they would assert the right during a civil proceeding in which they are third party witnesses is not grounds for the Court to quash the subpoenas. *Johnson v. City of Chicago*, No. 19-CV-3904, 2021 WL 1952489, at *1 (N.D. Ill. May 10, 2021). *Johnson* is instructive here. Mr. Johnson, having secured a vacatur of his conviction, sued the City of Chicago alleging that the defendants in his case submitted fabricated information that led to his false conviction in a drive-by shooting. The City of Chicago and the individual defendants then served a subpoena on Mr. Johnson's co-defendant in the underlying criminal case to provide testimony in the civil proceeding. The co-defendant, whose own post-conviction petition was pending, moved to quash the subpoena. Because the co-defendant was actively pursuing a claim of actual innocence in his own post-conviction proceedings, he was concerned that invoking the Fifth Amendment would lead to an

adverse inference in Mr. Johnson's civil proceedings. However, as the court explained, "[p]utting a witness in a situation where he may have to invoke the Fifth Amendment is not out of bounds." *Id.* at *3. So, the specter of a Fifth Amendment invocation is insufficient to warrant quashing the subpoenas.

Similarly, to the extent that Mr. Devine and Mr. Reed plan to invoke a "blanket" claim of privilege, such use is improper. Although the right protects against self-incrimination, the Third Circuit Court of Appeals has repeatedly affirmed that a witness in a civil proceeding cannot assert a blanket Fifth Amendment privilege prior to hearing the questions. *Nat'l Life Ins. Co. v. Hartford Acc. & Indem. Co.*, 615 F.2d 595, 596 (3d Cir. 1980); *see also United States v. Matthews*, 327 F. Supp. 2d 527, 529 (E.D. Pa. 2004) (holding that defendants who were undisputedly under criminal investigation for tax-related crimes appropriately invoked their Fifth Amendment privilege but had to do so for each specific question).

Moreover, it is permissible for Defendants to depose Mr. Devine and Mr. Reed even if Defendants anticipate, and, in this case, are on notice, that the subpoenaed parties intend to invoke the Fifth Amendment. *See Battle v. City of Reading*, No. CIV. A. 90-7660, 1991 WL 208899, at *5 (E.D. Pa. Oct. 8, 1991), *aff'd*, 968 F.2d 12 (3d Cir. 1992) (collecting cases). True, Mr. Devine and Mr. Reed continue to challenge their convictions collaterally. But for purposes of invoking the privilege, they are technically witnesses in Mr. Thorpe's civil case. So, in any deposition, they must invoke the privilege only after being asked specific questions. *Nat'l Life Ins. Co.*, 615 F.2d at 598-600.

## II. Relevance

The Court is mindful of the sensitivities surrounding Mr. Devine's and Mr. Reed's ongoing collateral challenges insofar as they inform the motions to quash. At this time, however,

Defendants have not yet deposed either Ms. Taylor or Ms. Thomas. So, without the benefit of their testimony, the Court finds the motions to quash the subpoenas issued to Mr. Devine and Mr. Reed premature. The credibility of either Ms. Taylor or Ms. Thomas has not yet been teed up as an issue. So, there has not yet properly been a demand for either Mr. Devine or Mr. Reed to provide testimony that would go to these other witnesses' credibility. As the Court made clear to the parties at oral argument, it is within the realm of possibility that neither Ms. Taylor nor Ms. Thomas may mention Mr. Devine or Mr. Reed in their depositions. The Court is not prepared to entertain a motion to quash these subpoenas until the depositions of Ms. Taylor and Ms. Thomas occur and there is a definitive demand for Mr. Devine's and Mr. Reed's testimony.

## CONCLUSION

For the reasons set out in this Memorandum, the Court denies the motions to quash without prejudice. An appropriate order follows.

BY THE COURT:

/s/ Gene E.K. Pratter
GENE E.K. PRATTER
UNITED STATES DISTRICT JUDGE