IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| DWAYNE THORPE, *Plaintiff* | : : : | CIVIL ACTION |
| v. | : : | |
| CITY OF PHILADELPHIA *et al.*, *Defendants* | : : : | No. 19-5094 |

### MEMORANDUM

PRATTER, J.                                                                                                                         MARCH 31, 2022

      A defendant who engages in repeated conduct might face criminal charges for some incidents and civil suits for others. The defendant might hope to pause these civil suits so he can focus his time and resources on the criminal proceedings. Yet civil plaintiffs have a right to have their claims heard promptly on the merits. Absent significant overlap between the criminal charges and the civil claims, and without proof from the defendant that moving forward in the civil suits would actually harm him in his criminal cases, courts should be hesitant to stay civil suits pending the resolution of criminal proceedings.

      Convicted of a murder that he did not commit, Dwayne Thorpe had his conviction overturned on habeas review. He then sued the Philadelphia police officers involved in his prosecution, including Detective James Pitts, who led the underlying investigation. Mr. Thorpe has also sued the City of Philadelphia, claiming that the City knew that the officers, and particularly Detective Pitts, had used abusive investigation practices in the past yet did nothing to correct or ameliorate these practices. Now, right at the end of discovery in this civil case, Detective Pitts has been indicted in state court for alleged criminal conduct in a *different* homicide prosecution involving a *different* underlying defendant.

1

Based on this unrelated criminal prosecution against Detective Pitts, the City and the police officers, including Detective Pitts, have moved to stay this § 1983 case pending the conclusion of the criminal prosecution. But Detective Pitts has not plausibly explained how proceeding to the summary judgment phase in this civil case, now that discovery is finished, will harm him, given that he has already sat for his civil deposition without invoking his Fifth Amendment privilege against self-incrimination. Nor have the City and the other police officer defendants convincingly shown that the risk that Detective Pitts might plead the Fifth at any eventual trial in this civil case and so prevent them from properly cross-examining him should prevent this case from moving forward at this point. Thus, the Court denies the defendants' motion to stay.

## BACKGROUND

A man was shot and killed in Philadelphia on July 4, 2008.[1] Though Mr. Thorpe had been in a different neighborhood at the time and did not match the age of the shooter, the police zeroed in on Mr. Thorpe as the suspect. While interviewing one of Mr. Thorpe's friends, Detective Pitts punched the friend in the stomach and threatened to call the Department of Human Services to take his son away. The friend agreed to a false statement, drafted by Detective Pitts, implicating Mr. Thorpe in the murder. That statement was then used against Mr. Thorpe at the underlying criminal trial.

Now, Detective Pitts has been indicted in state court for similar alleged misconduct against a *different* defendant, Obina Onyiah, during a *different* homicide investigation. Per the indictment, Detective Pitts physically assaulted Mr. Onyiah during an interview at the police station; Detective Pitts then allegedly lied on the stand both at one of Mr. Onyiah's hearings and at trial. For this

---

[1] Because this case has not yet reached summary judgment, the Court continues to take all well-pleaded facts from the complaint as true.

alleged misconduct, Detective Pitts has been charged with perjury under 18 Pa. Cons. Stat. § 4902 and obstructing the administration of law under 18 Pa. Cons. Stat. § 5101.

## DISCUSSION

Though criminal defendants might not want "to defend themselves on two legal fronts simultaneously," they do not "have a due process right to stay proceedings in related civil actions." *Golden Quality Ice Cream Co., Inc. v. Deerfield Specialty Papers, Inc.*, 87 F.R.D. 53, 55 (E.D. Pa. 1980). That said, courts have stayed parallel civil suits "when the interests of justice seemed to require such action ... ." *United States v. Kordel*, 397 U.S. 1, 12 n.27 (1970). Because "[a] total stay of civil discovery pending the outcome of related criminal matters is an extraordinary remedy," *Weil v. Markowitz*, 829 F.2d 166, 174 n.17 (D.C. Cir. 1987), courts in this circuit consider the sense gleaned from raising several inquiries before exercising their discretion to grant or deny the stay:

- To what extent do the issues in the civil and criminal cases overlap?
- How far along is the criminal case?
- Do the parties have an interest in promptly resolving the civil suit?
- Will the plaintiff be harmed if the stay *is* granted?
- Will the defendants be harmed if the stay is *not* granted?
- Will a stay be an efficient use of judicial resources?
- Does the public interest favor a stay?

*Walsh Secs., Inc. v. Cristo Prop. Mgmt., Ltd.*, 7 F. Supp. 2d 523, 526–27 (D.N.J. 1998); *Golden Quality Ice Cream Co.*, 87 F.R.D. at 56.

In this case, most of these factors weigh against a stay, at least for now.

3

***i. Similarity of issues.*** The issues in this § 1983 case and Detective Pitt's criminal prosecution overlap only at the edges. Detective Pitts was indicted not for beating up or lying about Mr. Thorpe, but rather a *different* person altogether, Mr. Onyiah, in a *different* homicide investigation. Detective Pitt's alleged misconduct in that case is not dispositive of his alleged misconduct here as to Mr. Thorpe, and vice versa. For Detective Pitts to be convicted in his criminal perjury and obstruction case, the jury would have to find that he actually beat up *Mr. Onyiah* and that he actually lied at *Mr. Onyiah's* trial. Meanwhile, for Detective Pitts to be held liable in Mr. Thorpe's civil case, the jury would have to find that Detective Pitts threatened witnesses and coerced confessions in *Mr. Thorpe's* case. *Cf. Walsh Secs.*, 7 F. Supp. 2d at 527 (granting stay where the conduct being investigated by the government "is essentially the same allegation made by [plaintiff] in its civil complaint"). This dissimilarity weighs against a stay.

***ii. Stage of criminal proceeding.*** Courts tend to grant stays after an indictment is returned, rather than before, because "[t]he potential for self-incrimination is greatest" post indictment. Judge Milton Pollack, *Parallel Civil and Criminal Proceedings*, 129 F.R.D. 201, 203 (1989). But Detective Pitts has known of the grand jury investigation into his conduct for over a year, and yet Detective Pitts did not invoke the Fifth Amendment once in his deposition in this case. This factor is thus neutral.

***iii. Stage of civil case.*** Though the criminal case is just getting started, this civil case is not. Filed in October 2019, this case went through two motions to dismiss before starting extensive discovery. Almost all the principal actors have now been deposed, and all the relevant documents have been exchanged. Dispositive motions are due in just over a month. The Court has not found, and the defendants have not identified, a case in this district where a stay was granted this far into the life of a civil case.

4

***iv. Prejudice to plaintiff.*** Mr. Thorpe would be seriously prejudiced by a stay. He spent 11 years in prison for a crime he did not commit, and now he has waited two and a half years for his civil case finally to be heard on the merits. He does not deserve "slower justice" just because Detective Pitts's alleged behavior in investigating a different homicide "attracted the attention of the criminal authorities." *Sterling Nat'l Bank v. A-1 Hotels Int'l, Inc.*, 175 F. Supp. 2d 573, 575 (S.D.N.Y. 2001). This civil case concerns alleged misconduct that took place almost 14 years ago. Memories have faded, and evidence might have been lost. Further delays will only exacerbate those problems. *Shirsat v. Mut. Pharm. Co., Inc.*, No. 93-cv-3202, 1995 WL 695109, at *2 (E.D. Pa. Nov. 21, 1995).

***v. Prejudice to defendants.*** Detective Pitts will not be seriously harmed by the case proceeding through summary judgment. Moving forward to summary judgment would not impair his Fifth Amendment privilege against self-incrimination. *Cf. Trustees of Plumbers & Pipefitters Nat'l Pension Fund v. Transworld Mech., Inc.*, 886 F. Supp. 1134, 1138 (S.D.N.Y. 1995). Detective Pitts already sat for his deposition in this case, and he did so without invoking his Fifth Amendment rights. He has already said what he said; he cannot belatedly invoke the Fifth Amendment to hide or retract his deposition testimony now. *Rogers v. United States*, 340 U.S. 367, 373–74 (1951).

Nor will this civil case "extend criminal discovery beyond the limits set forth" under Pennsylvania law, "expose [Detective Pitt's] theory to the prosecution in advance of trial, or otherwise prejudice the criminal case." *Trustees of Plumbers*, 886 F. Supp. at 1138. Detective Pitts's deposition in this case is currently under a stipulated protective order, and thus cannot be used outside this case.

Despite knowing of the grand jury investigation for over a year, Detective Pitts never requested a stay. Indeed, once Detective Pitts was indicted, it was the *City* and not Detective Pitts who requested the stay. That delay suggests that Detective Pitts does not feel forced to "choose between ... defending [himself] in the civil lawsuit or asserting [his] privilege [against self-incrimination in the criminal investigation] and probably losing the civil case." *Walsh*, 7 F. Supp. 2d at 528.

The City and the other police officers will not be prejudiced as unindicted co-defendants. Fact discovery is finished. Even if Detective Pitts chooses to invoke the privilege from this point forward, the City and the other officers still have all the information they need "to defend" themselves at summary judgment. *Med. Inv. Co., Ltd. v. Int'l Portfolio, Inc.*, No. 12-cv-3569, 2014 WL 2452193, at *3 (E.D. Pa. May 30, 2014); *cf. In re Adelphia Commc'ns Secs. Litig.*, No. 02-cv-1781, 2003 WL 22358819, at *5 (E.D. Pa. May 13, 2003) (staying civil RICO suit so that unindicted civil defendants would not be prejudiced by indicted defendants who avoided civil discovery by invoking their Fifth Amendment rights).[2]

Perhaps, as the City fears, Detective Pitts might later invoke the privilege to avoid taking the stand at this trial, exposing Detective Pitts (and by extension the City) to an adverse inference based on his silence in the face of Mr. Thorpe's accusations. *Baxter v. Palmigiano*, 425 U.S. 308, 318 (1976). Yet any trial in this case is at least a year away. The criminal charges against Detective Pitts could be resolved by then. If the charges are not resolved before trial and Detective Pitts chooses to invoke the privilege, the City may renew its request for a stay.

---

[2] Both the City and Detective Pitts have suggested that expert discovery in this case might now be impeded because of this pending criminal investigation. Yet (at least to this Court's knowledge) Detective Pitts still has not formally invoked his Fifth Amendment rights. Even if he does, the defendants have not explained how his belated invocation will prevent the parties' experts from crafting their expert reports. Expert opinions are based on the facts that have come out in fact discovery, and Officers Pitts has already told his version of the story in his deposition.

***vi. Judicial resources.*** This case is one of the oldest on the Court's docket, and it has not made it to summary judgment yet.

Pausing this case will not preserve judicial resources; the two cases have little, if any, substantive overlap. Even if Detective Pitts were to be convicted of misconduct in *Mr. Onyiah's* homicide investigation, this Court would still have to hold an entire trial for a jury to decide if he engaged in misconduct in *Mr. Thorpe's* investigation. *Cf. Golden Quality Ice Cream Co.*, 87 F.R.D. at 57 (stay in civil antitrust suits would avoid "duplicative judicial effort" because, if the government succeeded on its criminal antitrust charges, the civil plaintiffs would not need to separately prove antitrust liability).

To be sure, as the City posits, this Court might now have to address motions from Detective Pitts involving his Fifth Amendment rights. Such motions are currently speculative, as Detective Pitts has not yet plead the Fifth in this case. The Court will resolve such motions if and when they are made.

***vii. Public interest.*** The public has an important interest in holding its public officials accountable for misconduct as promptly as possible, even if that specific misconduct did not result in criminal charges. *Cf. Walsh Secs.*, 7 F. Supp. 2d at 529 (finding "no tangible harm to the public" in staying civil fraud suit where the government was conducting a comprehensive criminal investigation into the alleged fraud); *accord Golden Quality Ice Cream Co.*, 87 F.R.D. 58. Though Detective Pitts has not been criminally charged for his alleged misconduct in investigating Mr. Thorpe, Mr. Thorpe seeks to hold Detective Pitts (and the City) civilly liable for the harms he suffered. These serious allegations should be resolved promptly, and on their merits.

\* \* \* \* \*

Together, these factors strongly weigh against a stay. The verdict in one case is not dispositive of the other. Proceeding to summary judgment in the civil case, now that fact discovery is functionally complete, will not prejudice Detective Pitts, the other police officers, or the City. Detective Pitts waited a year to request the stay, even though he knew of the pending investigation, and he never once invoked his Fifth Amendment rights during his deposition. This civil case will move forward for now, though the defendants are free to renew their motion if the circumstances change.

## CONCLUSION

For these reasons, the Court denies the defendants' motion to stay without prejudice. An appropriate order follows.

BY THE COURT:

GENE E.K. PRATTER
UNITED STATES DISTRICT JUDGE