UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| DWAYNE THORPE, | : |
| *Plaintiff*, | : Civil Action No.: 19-CV-05094-EKP |
| v. | : |
| CITY OF PHILADELPHIA, *et. al.*, | : |
| *Defendants.* | : |

NOTICE OF VOLUNTARY DISMISSAL OF
COUNTS II AND IV OF THE AMENDED COMPLAINT

Pursuant to Federal Rule of Civil Procedure 41(a)(1)(A)(ii), Plaintiff, Dwayne Thorpe, and Defendant, Detective James Pitts, each by and through his undersigned counsel, hereby respectfully request dismissal of Counts II and IV of the Amended Complaint[1] (ECF 33) as to Detective Pitts, *with prejudice*, each bearing their own costs and fees.[2]

---

[1] Mr. Thorpe asserts at Count II against Detective Pitts a claim pursuant to 42 U.S.C. § 1983, alleging he was maliciously prosecuted in violation of the Fourth and Fourteenth Amendments. *See* Am. Compl., ECF 33 at 42. At Count IV, Mr. Thorpe also claims under Section 1983 that the individual Defendants are liable to him for their failure to intervene with each others' alleged fabrication and withholding of evidence. *See* Am. Compl., ECF 33 at 42.

[2] Voluntary dismissal of Counts II and IV of the Amended Complaint follow in the wake of the Court's September 1, 2020, Order and Memorandum Opinion dismissing Counts II and IV as to all other individual Defendants on the grounds of qualified immunity. *See* Order, 9/1/20, ECF 62; *see also* Memo. Op., ECF 61 at 31-33 (dismissing Fourth and Fourteenth Amendment malicious prosecution claim at Count II, concluding individual moving Defendants are entitled to qualified immunity because there is no right to be free from malicious prosecution within the substantive protections of the Fourteenth Amendment's Due Process Clause, and any such right under the procedural component of that clause "was not clearly established in 2008—and is still not clearly established for that matter[.]"); *See* Memo. Op., ECF 61 at 22 (dismissing failure to intervene claim at Count IV against the individual moving Defendants "[b]ecause it was not sufficiently clear that reasonable officers would have understood that failing to intervene when confronted with another's fabrication and withholding of evidence violated Mr. Thorpe's constitutional rights[.]") While Plaintiff maintains that the claims asserted at Counts II and IV are viable, he concedes that the reasoning in the Court's September 1, 2020, Memorandum Opinion dismissing those claims against Defendants Gaines, Glenn, Cummings, Hayes, Riehl, McClane, and Scally would apply equally to Defendant Pitts. *See* Memo. Op., ECF 61 at 31-33. As a result,

Respectfully submitted,

| **NEUFELD SCHECK & BRUSTIN, LLP** | **MARSHALL DENNEHEY WARNER COLEMAN & GOGGIN** |
|---|---|
| By: */s/ Emma Freudenberger*<br>    EMMA FREUDENBERGER, ESQUIRE<br>    NY ID No.: 4624045 (*pro hac vice*)<br>    AMELIA GREEN, ESQUIRE<br>    NY ID No.: 5428412 (*pro hac vice*)<br>    99 Hudson St FL 8<br>    New York, New York 10013-2815<br>    emma@nsbcivilrights.com<br>    amelia@nsbcivilrights.com<br>    *Attorneys for Plaintiff, Dwayne Thorpe* | By: _____<br>    JOSEPH J. SANTARONE, JR., ESQUIRE<br>    PA ID No.: 45723<br>    2000 Market Street, Suite 2300<br>    Philadelphia, PA  19103<br>    JJSantarone@mdwcg.com<br>    *Attorney for Defendant, Detective James Pitts* |

---

the parties agree that no separate briefing of this issue is necessary.  The parties further agree that Mr. Thorpe reserves any appellate rights with respect to the Court's September 1, 2020, Order (ECF 62), and Detective Pitts reserves the right to assert the affirmative defense of qualified immunity.